# EXHIBIT C

Exhibit C

3/26/2019 10:49:23 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32234850
By: HUTCHINSON, MIAEDA A
Filed: 3/25/2019 4:47:43 PM

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE ONLY):* _____ |

STYLED   KENNETH R MALINOWSKI v ALLSTATE FIRE AND CASUALTY and JEFFREY LANSING

*(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: |
| --- | --- |
| P. GRIFFIN BUNNELL | gbunnell@williamskherkher.com |

| Address: | Telephone: |
| --- | --- |
| 8441 Gulf Frwy, 6th Floor | 713-230-2200 |

| City/State/Zip: | Fax: |
| --- | --- |
| Houston, Texas 77017 | 713-643-6226 |

| Signature: | State Bar No: |
| --- | --- |
| /s/   P. Griffin Bunnell | 24080815 |

## Names of parties in case:

**Plaintiff(s)/Petitioner(s):**

KENNETH R. MALINOWSKI

**Defendant(s)/Respondent(s):**

Allstate Fire & Casualty Insurance

Company and Jeffrey Lansing

*[Attach additional page as necessary to list all parties]*

## Person or entity completing sheet is:

- [ ] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

**Additional Parties in Child Support Case:**

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | | Family Law |
| --- | --- | --- | --- | --- |

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [x] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability

- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:

- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- [ ] Divorce
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [x] Over $100, 000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Unofficial Copy Office of Marilyn Burgess District Clerk

3/26/2019 10:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32234850
By: Miaeda Hutchinson
Filed: 3/25/2019 4:47 PM

CAUSE NO. _____

| | | |
|---|---|---|
| KENNETH R. MALINOWSKI | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY and JEFFREY | § | |
| LANSING | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Kenneth R. Malinowski files this Original Petition and Initial Written Discovery Requests against Defendants Allstate Fire and Casualty Insurance Company ("Allstate") and Jeffrey Lansing ("Lansing") and allege the following:

## I. DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

## II. PARTIES

2.     Plaintiff Kenneth R. Malinowski is a Texas resident who resides in Harris County, Texas.

3.     Allstate is a foreign insurance company doing business in the State of Texas and may be served with process through its registered agent for service of process in the State of Texas: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.**

4.     Jeffrey Lansing is an insurance adjuster retained by Allstate in this matter.  He is a resident of Dallas County, Texas and may be served with process at his place of residence at: **131 Saguaro Dr., Buda, TX 78610.**

### III. JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this cause of action because it the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states he seeks monetary relief of $100,000 or less including damages of any kind, penalties, court costs, expenses, pre-judgment interest, and attorney's fees, in an amount to be determined by the jury. Tex. R. Civ. P. 47(c)(1). Plaintiff reserves the right to amend his petition during and/or after the discovery process.

6.      This Court has personal jurisdiction over Allstate because Allstate is licensed to do business in Texas, and Plaintiff's causes of action arise out of Allstate's wrongful business activities within Harris County, Texas.

7.      The Court has personal jurisdiction over Lansing because he is a resident of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas. Further, Plaintiff's causes of action arise out of Lansing's insurance adjusting activities within the State of Texas.

8.      Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) and Tex. Ins. Code § 2210.575(e) because all or a substantial part of the events or omissions giving rise to the suit occurred in Harris County.  Specifically, the loss at issue occurred in Harris County.

### IV. FACTUAL BACKGROUND

9.      Plaintiff owns the residential property at 11214 Bottlebrush Ct., Houston, Texas 77095 (the "Property"). Allstate sold, and Plaintiff paid for, a Texas homeowners' insurance policy (the "Policy") to protect and insure Plaintiff's dwelling, other structures, personal property, and other items applicable to the Property. The Policy expressly covers all accidental

direct physical loss to the Property caused by windstorms. The Policy has a $2,610.00 deductible.

10. Plaintiff's Property suffered extensive storm-related damage during a windstrom on or about Janurary 1, 2017. For example, the windstorm damaged the entire roof.

11. Following the windstorm, Plaintiff promptly and timely reported his Property claim (the "Claim") with Allstate under the Policy and asked Allstate to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof.

12. Plaintiff is entitled to these benefits under the Allstate Policy as it specifically covered Plaintiff's dwelling for the above referenced storm-related damages, and specifically wind damage. All of the damage to the Property was covered under the express terms of the Policy.

13. Allstate assigned an adjuster, Jeffrey Lansing, to adjust the claim and instructed him to inspect the Property for storm damage. Lansing conducted a substandard investigation and inspection of the Property. The adjuster was either improperly trained or intentionally ignored the damages that were present. Moreover the adjuster failed to spend the appropriate amount of time necessary to properly identify the damages that were present at the time and were clearly attributable to the storm. Lansing failed to note any of the obvious wind damage. Lansing either negligently or intentionally failed to identify the numerous instances of damage found across the entire roof and interior damage that was a direct result of the windstorm. Instead, Lansing misrepresented the nature of the cause of loss. The damaged and unsealed shingles were clearly attributable to wind forces. Lansing failed to document the vast majority of the covered damage. Instead, he claimed that only a small number of shingles were damaged.

14.     In truth, the entire roof suffered severe enough storm damage to require complete replacement and that damage was obviously present at the time of the inspections. The roof showed extensive wind and storm damage on multiple slopes.

15.     Overall, Lansing pursued an outcome-oriented investigation, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to the Property, which is evident by the fact Lansing either missed or ignored the vast majority of the damages that were obviously present during the inspection.

16.     The Adjuster's failure to record the full extent of the storm-damaged Property resulted in improperly under-scoped and consequently undervalued estimates for repairs that the Adjusters submitted to Allstate (the "Estimates").

17.     As indicated above, the actual damage to the Property is extensive. The entire roof must be replaced. Soft metal components of the roof such as roof vents, caps, and pipe jacks must also be replaced. The actual covered damage to the Property caused by the windstorm will cost Plaintiff approximately $40,384.15 to repair and/or replace.

18.     Plaintiff contends that, upon information and belief, Allstate and its Adjuster set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiff's Claim for covered damages. At minimum, Allstate ratified the Adjuster's unreasonable and improper "adjustments" of the Claims, resulting in Plaintiff's Claim effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from Allstate's and its Adjuster's wrongful acts and omissions as set forth above and further described herein.

19.    In short, Plaintiff has yet to receive the full amount of payment to which he is entitled under the Policy because his Claims were improperly and unreasonably adjusted.

## V. CAUSES OF ACTION

20.    Plaintiff incorporates each and every previous paragraph by reference in the following:

### A.    BREACH OF CONTRACT

21.    Allstate had a contract of insurance with Plaintiff that covered the Property damage described above.  Allstate breached the terms of the contract by wrongfully denying the claim.  As a direct result, Plaintiff was damaged because he lost the benefit of the bargain, namely that in return for premium payments, Allstate would pay to repair the covered loss to the Property.  Therefore, this breach has damaged the Plaintiff by the amount needed to repair the Property less his deductible, which totals $37,774.15. Plaintiff's attorneys are owed, at time of filing, $7,411.39 in fees and expenses.

### B.    BAD FAITH/UNFAIR SETTLEMENT PRACTICES

22.    Plaintiff pleads this cause of action in the alternative to their breach of contract claim.

23.    Allstate and Lansing are required to comply with the Texas Insurance Code's Unfair Settlement Practices section as outlined in Chapter 541.

24.    Allstate and Lansing violated Texas Insurance Code § 541.060 by:

    i.    Misrepresenting to Plaintiff a material fact or policy provision related to the coverage at issue;

    ii.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

     iii.    Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in related to the facts or applicable law, for with Allstate's denial of a claim or offer of a compromise settlement for the claim;

     iv.    Refusing to pay the claim without conducting a reasonable investigation of the claim; and

     v.    Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights letter to them.

25.    Allstate and Lansing's violations damaged the Plaintiff by depriving him the amount needed to repair the Property less his deductible.

**C.    PROMPT PAYMENT OF CLAIMS STATUTE**

26.    Allstate's failure to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Texas Insurance Code Article 542.051 et seq.

27.    As such, Plaintiff is entitled to an additional 18% interest on their claim for damages and attorneys' fees pursuant to Texas Insurance Code Article 542.060.

**D.    ATTORNEYS' FEES**

28.    Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against the defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

29.    Texas Civil Practice and Remedies Code §§ 38.001-38.003 provides Plaintiff his reasonable and necessary attorneys' fees because he is represented by attorneys, presented the claim to the defendants and the defendants did not tender the amount owed within 30 days after they received the claim.

30.     Plaintiff is also entitled to the reasonable and necessary attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to the Texas Insurance Code §§ 541.152 and 542.060.

## VI. CONDITIONS PRECEDENT

31.     All conditions precedent to Plaintiff's right to recover have been fully performed, or alternatively, been waived by the defendants.

## VIII. REQUEST FOR DISCLOSURES

32.     Plaintiff request the defendants to disclose within 50 days the information or material required by Texas Rule of Civil Procedure 194.  Plaintiff also requests the defendants to disclose all documents, electronic information, and tangible items that the defendant has in its possession, custody, or control and may use to support its claims or defenses as required by Texas Rule of Civil Procedure 190.2(b)(6).

33.     In addition, the defendants are requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days.

## PRAYER

Plaintiff prays that, upon final hearing of the case, they recover all damages, including:

(i)      any amount owed under the Policy;

(ii)     pre-judgment interest;

(iii)    post-judgment interest;

(iv)     court costs;

(v)      attorneys' fees;

(vi)     interest amounts owed under the Texas Insurance Code's Prompt Payment of Claims provisions; and

(vii)   any other relief that she shows they are entitled to receive.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: */s/ Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    P. Griffin Bunnell
    State Bar No. 24080815
    8441 Gulf Freeway, Suite 600
    Houston, TX 77017
    Telephone: (713) 230-2200
    Facsimile: (713) 643-6226
    Email: smccarthy@williamskherkher.com
    Email: gbunnell@williamskherkher.com

AND

**THE COOK LAW FIRM, PLLC**
    Andrew C. Cook
    State Bar No. 24057481
    8441 Gulf Freeway, Sixth Floor
    Houston, Texas 77017
    Telephone:  (713) 230-2366
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

**ATTORNEYS FOR  PLAINTIFF**



3/26/2019 10:49:23 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32234850
By: HUTCHINSON, MIAEDA A
Filed: 3/25/2019 4:47:43 PM

## Marilyn Burgess
### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition with Discovery _____

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Allstate Fire & Casualty Insurance Company _____

Address of Service: 1999 Bryan Street, Suite 900 _____

City, State & Zip: Dallas Texas 75201 _____

Agent (if applicable) C. T. Corporation Sysytems _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** ☐ **Citation by Posting** | ☐ **Citation by Publication** Newspaper _____ | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☐ **E-Issuance by District Clerk**
☑ **MAIL to attorney at:** address below    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note: The email registered with EfileTexas.gov must be*
☐ **CERTIFIED MAIL by District Clerk**    *used to retrieve the E-Issuance Service Documents.*
   *Visit www.hcdistrictclerk.com for more instructions.*

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____    Phone: _____

☐ **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: P. Griffin Bunnell    Bar # or ID 24080815

Mailing Address: 8441 Gulf Freeway, 6th Floor _____

Phone Number: 713-230-2322 _____

Unofficial Copy Office of Marilyn Burgess District Clerk

4/24/2019 8:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33013888
By: Iris Collins
Filed: 4/24/2019 8:52 AM

CAUSE NO. 201921602

| | |
|---|---|
| KENNETH R. MALONOWSKI, | IN THE DISTRICT COURT |
|    Plaintiff, | |
| vs. | 190TH JUDICIAL DISTRICT |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND JEFFREY LANSING, | HARRIS COUNTY, TEXAS |
|    Defendants. | |

## ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

### III.

Malinowski vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0468351408.1

Page **1** of **4**

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendant, Allstate Fire and Casualty Insurance Company, formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Fire and Casualty Insurance Company, prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Malinowski vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0468351408.1

Page **2** of **4**

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY

Malinowski vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0468351408.1

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 24th day of April, 2019, to:

Attorneys for Plaintiff, Malinowski

Sean H. McCarthy, Esq.
Williams Kherkher Hart Boundas, LLP
8441 Gulf Fwy Ste 600
Houston TX 77017

Andrew C. Cook, Esq.
The Cook Law Firm, PLLC
8441 Gulf Fwy Sixth Flr
Houston TX 77017                          ***VIA E-SERVE***

_____
**KIMBERLY BLUM**

Malinowski vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0468351408.1                                                    Page **4** of **4**

4/30/2019 10:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33169662
By: Tammy Tolman
Court Stamp Filed: 4/30/2019 10:22 AM

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | | |
|---|---|---|
| **District Court**<br>**190th Judicial District**<br>**of Harris County, Texas** | | |

| Plaintiff | Cause # |
|---|---|
| **KENNETH R. MALINOWSKI** | **201921602** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; JEFFREY LANSING** | **4/04/2019**　　**9:16 AM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **4/27/2019**　　**7:11 PM** |

| Documents | Service Fee: |
|---|---|
| **CITATION; PLAINTIFF'S ORIGINAL PETITION; PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS** | **$87.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **4/27/2019** at **7:11 PM**: I served **CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S FIRST SET OF INTERROGATORIES and REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS** upon **JEFFREY LANSING** by delivering **1** true and correct copy(ies) thereof, with **JEFFREY LANSING, Who accepted service, with identity confirmed by subject saying yes when named, a brown-haired white male approx. 45-55 years of age, 6'2" -6'6" tall and weighing 180-200 lbs with glasses** at **131 SAGUARO DR, BUDA, TX 78610**.

My name is: **Peter Dowdle**. My date of birth is: **5/13/1977**

My address is: **7605 Bender Drive, Austin, TX 78749**, USA.

My process server identification # is: **PSC000009210**. My Certification expires: **9/30/2020**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in _____Travis_____ county, TX.

_____*Peter Dowdle*_____　　　　　　　　_____04/27/2019_____

Peter Dowdle　　　　　　　　　　　　　　　　　　Date Executed



3/26/2019 10:49:23 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32234850
By: HUTCHINSON, MIAEDA A
Filed: 3/25/2019 4:47:43 PM

## Marilyn Burgess

### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition with Discovery

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** JEFFREY SCOTT LANSING

Address of Service: 131SAGUARO DRIVE

City, State & Zip: BUDA TX 78610

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication Newspaper** _____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **E-Issuance by District Clerk**
- [x] **MAIL to attorney at:** address below    **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: P. Griffin Bunnell   Bar # or ID   24080815

Mailing Address: 8441 Gulf Freeway, 6th Floor

Phone Number: 713-230-2322

3/26/2019 10:49:23 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32234850
By: HUTCHINSON, MIAEDA A
Filed: 3/25/2019 4:47:43 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **KENNETH R. MALINOWSKI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY and JEFFREY** | § | |
| **SCOTT LANSING** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through their attorney of record, Sean H. McCarthy, Williams Kherkher Hart Boundas, LLP, 8441 Gulf Freeway, Suite 600, Houston, Texas 77017; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Williams Kherkher Hart Boundas, LLP. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.      You know the response made was incorrect or incomplete when made; or

b.     You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.     These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.     If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.     The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D.     The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E.     "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F.     If you claim that any document which is required to be identified or produced by you in any response is privileged:

1.     Identify the document's title and general subject matter;

2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

G. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H. "Property" means the property defined in the Petition.

I. "Policy" means the insurance policy identified in the Petition.

J. The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L. In each instance where you are asked to identify a document, state with respect to each document:

1. The type of document;
2. The general subject matter of the document;
3. The date of the document;
4. The names and addresses of the authors and recipients of the document;
5. The location of the document;
6. The identity of the person who has possession or control of the document;
7. Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

N.   "Plaintiff" and "Plaintiff's" includes all Plaintiff, and refers to a single Plaintiff or multiple Plaintiff, if applicable.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS LLP**

By: */s/ Sean H. McCarthy*
 Sean H. McCarthy
 State Bar No. 24065706
 P. Griffin Bunnel
 State Bar No. 24080815
 8441 Gulf Freeway, Ste 600
 Houston, TX 77017
 Telephone: 713-230-2322
 Fax: 713-643-6226
 E-mail: smccarthy@williamskherkher.com
 Email: gbunnell@williamskherkher.com

AND

**THE COOK LAW FIRM, PLLC**
 Andrew C. Cook
 State Bar No. 24057481
 Southern District No. 976434
 8441 Gulf Freeway, Sixth Floor
 Houston, Texas 77017
 Telephone:  (713) 713-230-2366
 Facsimile: (713) 643-6226
 Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

 */s/ Sean H. McCarthy*
 Sean H. McCarthy

## INTERROGATORIES TO DEFENDANT

1.      Identify all persons and/or entities who had any part and/or involvement in any way with the claim made the basis of the Lawsuit on behalf of Defendant (Claim Number 0417409281) and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

   **ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.      The following insurance documents issued for the Property as identified in the Petition:

    a.   the Policy at issue for the date of loss as identified in the Petition; and
    b.   the Policy declarations page for the 3 years preceding the storm.

    **RESPONSE:**

2.      The entire, unaltered, un-redacted, original and complete claims file relating the Plaintiff's claim (Claim Number 0417409281) that made the basis of the lawsuit.  Please produce ESI in the same format in which it was maintained in the ordinary course of business.  This request encompasses all documents and ESI comprising the entire claim file that is in Defendants' possession, custody, and/or control.  **Please note this request seeks production of the original claim file.**

    **RESPONSE:**

3.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue.  This request is limited to the past 5 years.  To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    **RESPONSE:**

4.      All documents relating to the condition of the Property or damages of the Property.

    **RESPONSE:**

5.      All documents relating to the condition of the Property prior to the April 18, 2016 date of loss, including but not limited to any prior underwriting or renewal inspections.

    **RESPONSE:**

6.      All documents evidencing the policies, procedures, guidelines, or best practices that defendant requires its employees, agents, or contractors to follow when adjusting the type of claim here, i.e., wind and hail property damage.

    **RESPONSE:**

7.      All organization charts, diagrams, lists, and/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

    **RESPONSE:**

8.    For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, review by, or prepared for the testifying expert.

    **RESPONSE:**

9.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

    **RESPONSE:**

10.   To the extent Defendant answers to the Plaintiff's First Interrogatories implicate Tex. R. Civ. P. 197.2(c) (Option to Produce Business Records), please produce any and all documents referenced, specified, and/or identified in those interrogatory responses. Please produce ESI in the same format in which it was maintained in the ordinary course of business.

    **RESPONSE:**

## <u>FIRST SET OF REQUESTS FOR ADMISSIONS</u>

**REQUEST FOR ADMISSION NO. 1**. Admit Plaintiff submitted the claim for storm damage identified with Claim No. Claim Number 0417409281 NBH within the deadlines proscribed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2**. Admit Plaintiff fully complied with all contractual obligations imposed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3**.  Admit that Defendant should assist its policyholders with their insurance claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4**. Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5**. Admit that Defendant should treat its policyholders interests equal to their own.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6**. Admit that Defendant performed an inspection of the Property before issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 7**. Admit that Defendant performed an inspection of the Property within 60 days of issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 8**. Admit that Defendant did not inspect the Property prior to issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 9**. Admit that Defendant did not inspect the Property within 60 days of issuing the Policy.

RESPONSE:

**<u>REQUEST FOR ADMISSION NO. 10</u>**. Admit that Defendant did not inspect the Property prior to renewing the Policy for policy period covering the April 18, 2016 claim.

<u>RESPONSE:</u>

**<u>REQUEST FOR ADMISSION NO. 12</u>**. Admit that Defendant did not inspect the Property within 60 days of renewing the Policy for policy period covering the April 18, 2016 claim.

<u>RESPONSE:</u>

**<u>REQUEST FOR ADMISSION NO. 13</u>**. Admit that Defendant did inspect the Property prior to April 18, 2016.

<u>RESPONSE:</u>

**<u>REQUEST FOR ADMISSION NO. 14</u>**. Admit that Defendant did not inspect the Property prior to April 18, 2016.

<u>RESPONSE:</u>

Marilyn Burgess - District Clerk Harris County
Envelope No. 32518292
By: Ozuqui Quintanilla
Court Stamp Filed: 4/4/2019 3:19 PM
4/4/2019 3:19 PM

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | | |
|---|---|---|
| **District Court**<br>**190th Judicial District**<br>**of Harris County, Texas** | | |

| Plaintiff | Cause # |
|---|---|
| **KENNETH R. MALINOWSKI** | **201921602** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; JEFFREY LANSING** | **4/04/2019      8:58 AM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **4/04/2019      2:48 PM** |

| Documents | Service Fee: |
|---|---|
| **CITATION; PLAINTIFF'S ORIGINAL PETITION; PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS** | **$77.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **4/04/2019** at **2:48 PM**: I served **CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S FIRST SET OF INTERROGATORIES and REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS** upon **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY c/o CT CORPORATION SYSTEM, REGISTERED AGENT** by delivering **1** true and correct copy(ies) thereof, with **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY c/o CT CORPORATION SYSTEM, REGISTERED AGENT, Who accepted service, with identity confirmed by subject stating their name, a black-haired Hispanic female approx. 18-25 years of age, 5'-5'4" tall and weighing 120-140 lbs with glasses** at **1999 BRYAN STREET SUITE 900, DALLAS, TX 75201**.

My name is: **Michael Jackson**. My date of birth is: **8/23/1963**

My address is: **2933 Mayfair Ln., Lancaster, TX 75134**, USA.

My process server identification # is: **PSC9897**. My Certification expires: **12/31/2020**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in _____Dallas_____ county, TX.

_____
Michael Jackson

_____
April 04, 2019
Date Executed

